UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, # 295567, ) | C/A No. 5:14-268-RMG-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Willie F. Smith, Head Administrator over Food Services; ) | |
| Mr. Marlon Fedd, Lee CI Food Services Head Food Supervisor; ) | |
| All Kitchen Supervisors, and ) | |
| Warden Dennis Bush, ) | |
| ) | |
| Defendants. ) | |

This case is before the court on a pro se Complaint filed by a state prison inmate. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

**BACKGROUND**

Shaheen Cabbagestalk ("Plaintiff") has received at least three "strikes" pursuant to the so-called "three-strikes rule" of the Prison Litigation Reform Act ("PLRA"). *See Cabbagestalk v. Headquarters Classifications*, Civil Action No. 3:08-cv-03982-SB; *Cabbagestalk v. Richstad*, Civil Action No. 3:09-cv-01834-SB; *Cabbagestalk v. SC Bar Head Person of Establishment*, Civil Action No. 5:13-cv-03037-RMG. Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis* under 28 U.S.C. § 1915. ECF No. 2.

The Complaint under review was signed by Plaintiff on January 17, 2014, stamped and post-marked "Jan 27, 2014" by the mail room at Lee Correctional Institution ("Lee Correctional"), and received by the court on January 30, 2014. Compl. Attach. 2, ECF No. 1-2. Plaintiff's Complaint is considered to have been

filed on January 27, 2014, when it was submitted to the mail room for mailing. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed filed at moment of delivery to prison authorities for forwarding to district court).

Plaintiff makes many allegations in his Complaint about the conditions of his confinement at Lee Correctional, where he was housed when he wrote his Complaint. Compl., ECF No. 1.[1] Plaintiff alleges that he does not receive a sufficient number of showers or haircuts, that the Rastafarian diet he is being given is not proper, and that prison guards "trash" his legal documents. *Id*. at 4. He also alleges suffering from inadequate food and nutrition at Lee Correctional, indicating the alleged deprivation was "going on 2 weeks," during a period when prisoners in the Lee Correctional SMU were given "bag lunches" during a "flu outbreak" at the institution. *Id*. at 3. Plaintiff does not provide the inclusive dates of the alleged flu outbreak, nor does he indicate whether the food service stayed the same after the flu outbreak subsided. The only date Plaintiff's Complaint references is "1-16-14," when a nurse allegedly agreed with him that the prisoners were not getting sufficient calories and when corrections officers allegedly "trashed" his legal documents. *Id.* at 3, 5. Plaintiff sues the Warden and food service employees, seeking injunctive relief and compensatory damages. *Id*. at 5.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the

---

[1] On April 3, 2014, the court received a change of address notice from Plaintiff indicating that he is no longer incarcerated at Lee Correctional Institution, but is now an inmate at Lieber Correctional Institution. The envelope in which the Notice was mailed contains a prison stamp and a post-mark showing that Plaintiff mailed the Notice on April 1, 2014. Change of Address Notice, ECF Nos. 14, 14-1.

2

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) unless Plaintiff pays the full $ 400 filing fee ($ 350, plus a $50 administrative fee set by the Judicial Conference).

## DISCUSSION

As discussed below, Plaintiff's allegations about the conditions of his confinement at Lee Correctional are not sufficient to satisfy the "imminent danger" exception to the three-strikes rule. Because he is struck-out under 28 U.S.C. § 1915(g), and because the allegations do not fit within the exception, any potential § 1983 claims arising from those allegations should not be served on Defendants, unless Plaintiff pays the full filing fee.

The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

3

> occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee.

To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full unless his allegations satisfy the only exception to the rule: that the plaintiff was under imminent danger of serious physical injury at the time the complaint was submitted. *See Abdul-Akbar v. Mckelvie*, 239 F.3d 307 (3d Cir. 2001) (collecting cases); *see also Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006). Various United States Courts of Appeals have held that, in using the present tense in § 1915(g) and also the term "imminent" (meaning "impending"), Congress intended that "the danger must exist at the time the complaint is filed." Also, the appeals courts have ruled that the imminent danger exception does not apply to harms that have already occurred. *See, e.g., Malik v. McGinnis*, 293 F.3d 559, 561-62 (8th Cir. 2002) (citing *Abdul-Akbar v. McKelvie*); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (all holding that "imminent danger" must be assessed at time complaint is filed; prisoner's allegation that he faced danger in past is insufficient to allow him benefit of § 1915(g)'s exception). To fall under this exception, an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.' " *Johnson v. Warner*, 200 F. App'x at 272 (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). In addition, factual allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, No. 9:06-CV-00812 (LEK/DEP), 2008 WL 238553, at *5

(N.D.N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."); *see also White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger).

Plaintiff's allegations about the conditions of his confinement such as lack of showers, haircuts, inadequate Rastafarian diet, and guards "trashing" his legal documents several days before the Complaint was filed are not sufficient to show that he was in imminent danger of serious physical injury from them at the time the Complaint was filed. Moreover, his allegations about the nutritional value of the "bagged lunches" that he was provided with at Lee Correctional, apparently at some time before and up to January 16, 2014 (when he alleges he spoke with a nurse about the food) are not sufficient to satisfy the three-strike exception. There is nothing showing that service of the "bag lunches" was still on-going at the time the Complaint was mailed ("filed") on January 27, 2014, 11 days after the alleged discussion with the nurse and 10 days after the date next to Plaintiff's signature on the Complaint. Thus, there is an inadequate showing of "imminent danger" even if the court were to construe Plaintiff allegations of "starvation" as sufficient to show "serious physical injury." *Cf. Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (generally recognizing constitutional right of prisoners to nutritionally adequate food and sufficient portions; not in the three-strikes context).

In any event, the court takes judicial notice that Plaintiff has been complaining about the food service (especially concerning "bagged" meals) in several prisons within the South Carolina Department of Corrections ("SCDC") prison system over a span of many years in several previous cases: *Cabbagestalk v. Dubose*, Civil Action No. 3:06-1657 (Kershaw Correctional Institution; bagged Rastafarian meals claimed improper and inadequate to support his "way of life;" filed May 31, 2006); *Cabbagestalk v. Blowe*, Civil Action No. 3:08-1639 (Lieber Correctional; excessive force claim arising from Plaintiff's refusal to eat food

brought on styrofoam tray and "mixed together like slop for a pig;" claimed "not receiving proper amount of food;" filed around April 15, 2008 ); *Cabbagestalk v. Davis*, 5:13-3387 (Lee Correctional; claiming inadequate food portions and quality making him lose weight and other conditions of confinement allegations; filed December 2, 2013). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"). Plaintiff's past, closely similar allegations about the food service in three different prisons since 2006 indicate that his "starvation and torture" assertions in the Complaint under review are not based on recent developments. Rather, they show longstanding dissatisfaction with SCDC food service and virtually identical claims of injury going back eight years. The allegations made by Plaintiff in this Complaint appear to continue the same allegations of his displeasure. As such, the current allegations are not sufficient to show any kind of "imminent" danger of serious physical injury as of the date of filing the Complaint under review: January 27, 2014. As a result, Plaintiff should be required to pay the full filing fee in order to proceed with this case.[2]

Finally, even if some portion of Plaintiff's Complaint allegations could be liberally construed as satisfying the "imminent danger of serious physical injury" exception to the three-strikes rule, the Complaint under review would still be subject to partial summary dismissal as to one Defendant: "All Kitchen Supervisors." Plaintiff's claims about the conditions of his confinement in state prison are of the type commonly raised before this court pursuant to 42 U.S.C. § 1983. To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of

---

[2] Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

6

his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).

It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). The term "All Kitchen Supervisors" does not name a person. It is the equivalent of the use of "staff," which *Barnes* found inadequate to name a person. Accordingly, even if the Complaint or some portion thereof were found appropriate for service on some Defendants, notwithstanding the three-strikes rule, process should not issue for "All Kitchen Supervisors" and the Complaint be partially summarily dismissed as to this Defendant.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* be denied. It is further recommended that Plaintiff be given 15 days from the date the District Judge rules on this Report

to pay the filing fee (currently $350)[3], <u>and that the Office of the Clerk of Court withhold entry of judgment until such time expires</u>.

If Plaintiff fails to timely pay the filing fee, it is further recommended that the Complaint be dismissed without prejudice under the three-strikes rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the 15-day period permitted for payment of the filing fee.

IT IS SO RECOMMENDED.

April 9, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350, thus making the total required to be paid $ 400.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).